**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4035**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEX ALTERICK HAMILTON, a/k/a P,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (7:18-cr-00034-BO-1)

Submitted: October 24, 2019                     Decided: November 14, 2019

Before KEENAN and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Jude Darrow, LAW OFFICE OF MARY JUDE DARROW, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alex Alterick Hamilton pled guilty to distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and possessing a firearm in furtherance of, and using and carrying a firearm during and in relation to, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). The district court sentenced Hamilton to 262 months' imprisonment. Hamilton's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Hamilton's sentence is reasonable. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. A sentence is presumptively reasonable if it "is within or below a properly calculated Guidelines range," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

2

We have reviewed the record and conclude that Hamilton's sentence is procedurally reasonable, and Hamilton fails to rebut the presumption that his sentence is substantively reasonable. The district court properly calculated his Guidelines range and reasonably determined that a sentence at the low end of the Guidelines range was appropriate in this case.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Hamilton, in writing, of the right to petition the Supreme Court of the United States for further review. If Hamilton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hamilton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*